**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LA BA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-421-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case.  On March 24, 2026, Respondents filed a Response, ECF No. 6, informing the Court that Enforcement and Removal Operations ("ERO") El Paso was expected to submit travel documents requests ("TDRs") for Thailand and Myanmar on behalf of La Ba to ERO HQ-RIO for internal approval by March 25.  Thus, the Court ordered Respondents to provide a status report, by April 27, detailing (1) whether ERO HQ-RIO approved the TDRs for Thailand and Myanmar, and if not, the expected timeline for approval, and any obstacles; (2) if ERO HQ-RIO approved the TDRs for Thailand and Myanmar, whether the TDRs were submitted to the respective countries, and if not, the expected timeline for submission, and any obstacles; (3) if the TDRs were submitted to Thailand and Myanmar, the date of submission, and whether the respective countries approved the TDRs, and if not, the expected timeline for approval, and any obstacles; (4) if Thailand and/or Myanmar approved the TDRs, the date of approval, and whether Ba was removed, and if not, the expected timeline for removal, and any obstacles.  Mar. 25, 2026, Order 2, ECF No. 7.

Respondents now inform the Court that the TDR for Myanmar was only submitted to ERO HQ-RIO on April 27.  Status Report, ECF No. 10.  They state that, "[f]rom March 25,

2026, to April 15, 2026, ERO El Paso continued to revise, edit, and collection information from [Ba] to complete the TDR for Myanmar." Decl. Osbaldo Gonzalez ¶ 5, ECF No. 10-1. Respondents, however, do not explain why additional revisions and information were required for the TDR when they previously represented that internal submission was anticipated on March 25. *See generally id*. Nor do Respondents provide a timeline for internal approval of the TDR, stating that "[a] timeline for approval from HQ-RIO is not available at this time." Resp. 1. As for Thailand, Respondents have determined that Ba is not a citizen of Thailand, and thus, have not submitted a TDR for Thailand for internal approval. *Id.*

In sum, despite Respondents' unexplained delay in submitting the TDR for internal approval, Respondents are continuing to make efforts to obtain travel documents from Myanmar on Ba's behalf. Thus, the Court finds it appropriate to order another status report. Respondents, however, are **CAUTIONED** that the Court will not look favorably on a failure to submit Ba's TDR, which they acknowledge is fully prepared and is simply pending internal review, to Myanmar by that time.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than May 28, 2026**, detailing the following:

(1)  whether ERO HQ-RIO has approved the TDR for Myanmar, and if not, why, and the expected timeline for approval;

(2)  if ERO HQ-RIO has approved the TDR for Myanmar, whether the TDR has been submitted to Myanmar, and if not, the expected timeline for submission, and any obstacles;

(3)  if the TDR has been submitted to Myanmar, the date of submission, and whether

Myanmar has approved the TDR, and if not, the expected timeline for approval, and any

obstacles;

(4)  if Myanmar has approved the TDR, the date of approval, and whether Ba has been

removed, and if not, the expected timeline for removal, and any obstacles.

**SO ORDERED.**

SIGNED this 30th day of April, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3