**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LA BA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-421-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the case. On April 27, 2026, Respondents filed a Status Report, ECF No. 10, informing the Court that Enforcement and Removal Operations ("ERO") El Paso submitted a travel documents request ("TDR") for Myanmar on behalf of La Ba to ERO HQ-RIO for internal approval on April 27, despite previously representing that submission was anticipated for March 25. Despite Respondents' failure to explain their delay in submitting the TDR for internal approval, the Court determined that another status report was appropriate because "Respondents are continuing to make efforts to obtain travel documents from Myanmar on Ba's behalf." Apr. 30, 2026, Order 2, ECF No. 12. The Court cautioned Respondents that it would not look favorably on a failure to submit the TDR to Myanmar by that time. *Id.*

Respondents have now filed a Response, ECF No. 13, to which they attach the Declaration of Supervisory Detention and Deportation Officer Gilberto Salazar ("Salazar Decl."), ECF No. 13-1. Salazar states that "HQ-RIO has not notified ERO El Paso specifically regarding HQ-RIO's submission of the TDR to Myanmar." Salazar Decl. ¶ 6. But he notes that "on May 20, 2026, [Ba] participated in an interview with the Embassy of . . . Myanmar," and

thus concludes that "the TDR is already being addressed by the Government of . . . Myanmar." *Id.* However, "[t]here is currently no timeline for approval of the TDR." *Id.*

In sum, it appears that the TDR has been submitted to Myanmar and the process of obtaining travel documents for Ba is progressing. *See id.* Thus, the Court finds it appropriate to order another status report in this case. However, the Court notes that Respondents, who submitted the TDR request, failed to provide the date of submission, information which the Court specifically ordered they provide. *See* Apr. 30, 2026, Order 2; *see generally* Salazar Decl.; Resp. Respondents are thus **CAUTIONED** that a failure of internal communication does not excuse compliance with Court orders. Respondents are also **CAUTIONED** that they must coordinate with HQ-RIO as necessary to provide the Court with a full response.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than June 29, 2026**, detailing the following:

(1)  the date the TDR was submitted to Myanmar;

(2)  the steps required to obtain approval of the TDR from Myanmar, including, but not limited to, interviews with the consulate, and which steps have been completed, and which remain;

(3)   whether Myanmar has approved the TDR, and if not, the expected timeline for approval, and any obstacles; and

(4)  if Myanmar has approved the TDR, the date of approval, and whether Ba has been removed, and if not, the expected timeline for removal, and any obstacles.

**SO ORDERED.**

SIGNED this 29th day of May, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE